Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1994 | DATE | May 1, 2001 |
| CASE TITLE | Whiteco et al. v. City of West Chicago, et al. | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' complaint is dismissed on Younger abstention grounds, without prejudice to further state proceedings. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| x | Notices MAILED by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to _____ | |

KAM — courtroom deputy's initials

number of notices

MAY 0 2 2001 date docketed

docketing deputy initials

date mailed notice

KAM — mailing deputy initials

Date/time received in central Clerk's Office

(Reserved for use by the Court)

Document Number

21

00-1994.001-JCD                                    May 1, 2001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LAMAR WHITECO OUTDOOR CORPORATION, )
JAGEN LINGAMNENI, and                )
PHILLIP VOVOLA,                      )
                                     )
                 Plaintiffs,         )
                                     )
            v.                       )      No. 00 C 1994
                                     )
CITY OF WEST CHICAGO and BILL        )
BEEBE, Code Enforcement Officer      )
of City of West Chicago, in his      )      DOCKETED
official capacity,                   )
                                     )      MAY 02 2001
                 Defendants.         )

### MEMORANDUM OPINION

At a Rule 16 conference on November 30, 2000, the court raised
<u>sua sponte</u> the question of whether the <u>Younger v. Harris</u> abstention
doctrine applies to this case and asked the parties to submit
briefs on the issue.  For the reasons stated below, we conclude
that abstention is appropriate.

### BACKGROUND

Plaintiffs Lamar Whiteco Outdoor Corporation ("Lamar Corp."),
Jagen Lingamneni, and Phillip Vovola brought this action against
the City of West Chicago (the "City") and Bill Beebe, the City's
Code Enforcement Officer, seeking declaratory relief and damages
arising out of defendants' enforcement of a City zoning ordinance
governing signs and billboards.

Lamar Corp. leases off-premises commercial and non-commercial
advertising space on billboards.  (Complaint, ¶ 1.)  Lingamneni and



-2-

Vovola own land on which Lamar Corp. erected advertising signs pursuant to leasehold interests. (Id., ¶¶ 3-4.) On October 11 and 12, 1999, and November 18, 1999, plaintiffs were issued non-traffic complaints for violation of the City sign ordinance, West Chicago, Il., Ordinance 2010 (Oct. 19, 1992). (Complaint, ¶¶ 32-39; Defendants' Mem. at Law at 1; Plaintiffs's Cross-Brief, Ex. A.)

Plaintiffs allege that defendants violated 42 U.S.C. § 1983, plaintiffs' First, Fifth, and Fourteenth Amendment rights, and the Illinois Eminent Domain statute. The complaint also alleges that the City's sign ordinance is unconstitutionally vague.

## DISCUSSION

Younger v. Harris, 401 U.S. 37 (1971) and its progeny hold that federal courts should abstain, absent "extraordinary circumstances," from deciding matters that are the subject of certain types of state court proceedings. The core of the Younger doctrine is comity--the notion that federal courts should respect the legitimate interests of state governments and try to avoid unduly interfering with those interests. See AFSCME v. Tristano, 898 F.2d 1302, 1303-04 (7th Cir. 1990).

The Younger doctrine applies not only to state criminal proceedings, but also to state civil proceedings, provided that three requirements are met. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is appropriate if (1) the judicial proceedings are ongoing; (2) the

-3-

proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional claims. See id. Abstention is not appropriate, though, if extraordinary circumstances exist; for example, if the state proceedings are being undertaken in bad faith or to harass, or are based on a "flagrantly and patently" unconstitutional statute. See id. at 435, 437. Plaintiffs raise a number of arguments in opposition to Younger abstention. They first contend that by answering the complaint and otherwise consenting to the present proceedings, defendants have waived the right to contest federal court jurisdiction. Plaintiffs also argue that the three Younger prongs are not satisfied. And even if the Younger prongs are satisfied, assert plaintiffs, the "bad faith" and "flagrant and patent unconstitutionality" exceptions to the Younger doctrine apply. We will address each argument in turn.

**A.    Waiver**

As a preliminary argument, plaintiffs contend that by answering the complaint and otherwise consenting to these proceedings, defendants have waived the right to contest this court's jurisdiction. In support of their position, plaintiffs cite Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986), which actually undercuts their argument. While the Supreme Court recognized in that case that a state may voluntarily submit to federal jurisdiction even though it may have

-4-

had a tenable claim for abstention, it found that the state had not submitted there because it had not "expressly urged" the federal courts "to proceed to an adjudication of the constitutional merits." Id. at 626 (distinguishing Brown v. Hotel Employees, 468 U.S. 491 (1984), Ohio Bureau of Employment Servs. v. Hodory, 431 U.S. 471 (1977), and Sosna v. Iowa, 419 U.S. 393 (1975); in each case, the state expressly urged federal jurisdiction). See also Barichello v. McDonald, 98 F.3d 948, 955 (7th Cir. 1996) (state could waive abstention only by "expressly urging the federal court to address the merits"). The cases finding waiver rest on the implicit premise that the state has considered and rejected abstention arguments. The same cannot be said here; although defendants did not contest federal jurisdiction at the outset, they certainly do so now. Because defendants have not expressly urged this court to adjudicate the constitutional merits of this case, they have not waived any claim to abstention.

Waiver is underscored, in plaintiffs' view, by the fact that Younger abstention was raised not by the defendants, but by the court sua sponte. It is well established, however, that a federal court may raise the Younger doctrine sua sponte and that the parties' failure to raise the issue does not impede our consideration of the doctrine's applicability. See Barichello, 98 F.3d at 955 (holding that a federal court may raise the Younger abstention issue on its own initiative). Moreover, as the Supreme Court stated in Ohio Civil Rights Commission, 477 U.S. at 626,

-5-

waiver arguments "misconceive[] the nature of <u>Younger</u> abstention. It does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced."

**B.    The Younger Framework**

Each of the three <u>Younger</u> factors points to abstention in this case.

**1.    Ongoing State Proceedings**

There are ongoing judicial proceedings in DuPage County. Plaintiffs assert that "state proceedings are not ongoing against all plaintiffs or with respect to all properties," (Plaintiffs' Cross-Response at 10), but plaintiffs themselves have alleged that there are ongoing proceedings against each plaintiff for purported violations of the City sign ordinance (Complaint, ¶¶ 32, 34, 37-39). Plaintiffs also argue that the proceedings are "inappropriate" and were "improperly" initiated (Plaintiffs' Cross-Response at 11), but this argument is merely another incarnation of plaintiffs' "bad faith" argument, which we address below.

**2.    Important State Interests**

Plaintiffs concede that zoning regulations involve important state interests, but assert that there is no state interest "that would justify the content-based regulation [defendants] have imposed" in the City sign ordinance.  (Plaintiffs' Cross-Response

-6-

at 12.) Plaintiffs define the necessary state interest too narrowly. In New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 365 (1989), the Supreme Court explained that in determining whether the state proceeding involves sufficiently important state interests, a court must "not look narrowly to [the state's] interest in the outcome of the particular case," but rather to "the importance of the generic proceedings to the State." Thus, the relevant question is whether the state proceedings seeking enforcement of the City sign ordinance are, in general, of sufficient state importance to warrant this court's abstention.

We conclude that the state proceedings involve the sufficiently important state interests of local land use and zoning. Courts have consistently held that such interests are important state interests for the purposes of Younger abstention. See, e.g., Ahrensfeld v. Stephens, 528 F.2d 193, 198 n.7 (7th Cir. 1975) ("Federal courts have also noted that the application of zoning ordinances and regulations is 'distinctly a feature of local government' which is 'outside the general supervisory power of federal courts.'") (quoting Hill v. City of El Paso, 437 F.2d 352, 357 (5th Cir. 1971)); Discovery House, Inc. v. Consolidated City of Indianapolis, 970 F. Supp. 655, 659 (S.D. Ind. 1997) (important state interests raised in state appeal of zoning board's decision); American Nat'l Bank v. Parkman, 702 F. Supp. 168, 171 (N.D. Ill. 1988) (Aspen, J.) (state court proceeding seeking enforcement of zoning ordinance implicated state interests "sufficiently

-7-

significant to warrant application of <u>Younger</u>").

### 3.   <u>Adequate Opportunity to Raise Constitutional Claims</u>

"Federal courts must presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and 'that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" <u>Barichello</u>, 98 F.3d at 955 (quoting <u>Pennzoil Co. v. Texaco Inc.</u>, 481 U.S. 1, 15 (1986)). Plaintiffs bear the burden of showing that state procedural law bars presentation of their claims. <u>See</u> <u>Pennzoil</u>, 481 U.S. at 14.

Plaintiffs complain that the the muncipal Field Court entertaining defendants' enforcement actions handles an "incredible" volume of cases, including traffic proceedings, and is therefore overburdened, and that discovery in the proceeding is "prohibited" by Illinois Supreme Court Rule 201(h). (Plaintiffs' Cross-Response at 12-13.)   These contentions do not meet plaintiffs' burden.   Illinois Supreme Court Rule 201(h), which plaintiffs assert is applicable to the state proceedings, does not prohibit pretrial discovery, but in fact allows for discovery at the court's discretion.[1]   In any event, <u>Younger</u> is appropriate provided that the state proceeding is "judicial in nature," <u>Majors v. Engelbrecht</u>, 149 F.3d 709, 712 (7th Cir. 1998), and that

---

[1]   Illinois Supreme Court Rule 201(h) provides: "In suits for violation of municipal ordinances where the penalty is a fine only no discovery procedure shall be used prior to trial except by leave of court."

-8-

requirement is satisfied here. Ultimately, plaintiffs fail to assert that they are barred from presenting their constitutional claims there, and we have no reason to believe that they will not have that opportunity, no matter what the Field Court's caseload. Moreover, plaintiffs do not dispute that they may seek appellate review of any decision of the Field Court. Accordingly, the third prong of Younger is satisfied here.

## C.    "Flagrant and Patent" Unconstitutionality

Abstention is inappropriate when the state law on which prosecution is based is "flagrantly and patently" unconstitutional "in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Younger, 401 U.S. at 53-54; Arkebauer v. Kiley, 985 F.2d 1351, 1361 (7th Cir. 1993). Courts rarely apply this exception because in order to be flagrantly and patently unconstitutional, a statute must be more than facially invalid. See Huffman v. Pursue, Ltd., 420 U.S. 592, 602 (1975). Instead, the unconstitutionality must be "overwhelming." Central Ave. News, Inc. v. City of Minot, 651 F.2d 565, 570 (8th Cir. 1981). As defendants point out (Defendants' Reply to Plaintiffs' Cross-Brief at 3), this inquiry presents a conundrum: the exception may draw us into a needless constitutional analysis of the City sign ordinance, the very exercise that Younger was designed to avoid.

Plaintiffs contend that the City ordinance at issue here is

-9-

flagrantly and patently unconstitutional because it is "virtually identical" to a sign ordinance struck down by the Supreme Court in Metromedia, Inc. v. City of San Diego, 453 U.S. 490 (1981). (Plaintiffs' Cross-Brief at 4.) In Metromedia, San Diego's sign ordinance prohibited outdoor advertising display signs except for (1) on-site signs (designating the premises, owner, or occupier, or advertising goods manufactured or services rendered on the premises); and (2) twelve specified categories of signs, including government signs, commemorative historical plaques, religious symbols, and temporary political campaign signs. See id. at 494-95. The Supreme Court determined that the ordinance met the constitutional requirements for the regulation of commercial speech. See id. at 512. Nonetheless, the Court held that the ordinance was unconstitutional because it imposed a content-based restriction on the use of billboards--the occupant of property could advertise his own goods or services but could not advertise the goods or services of others, nor display most commercial messages. See id. at 513. The Court concluded that San Diego could not limit the content of on-site billboards to commercial messages, nor could it distinguish between the relative value of different categories of non-commercial speech by way of its twelve exceptions. See id. at 513-14.

    Plaintiffs assert that the City sign ordinance here is identical to the San Diego ordinance in Metromedia in two respects. First, because it allows on-site commercial advertising but

-10-

prohibits off-site commercial advertising, it favors some forms of commercial speech over other forms of commercial speech and over non-commercial speech. (Plaintiffs' Cross-Brief at 5.) Second, by providing seventeen exceptions for permitted signs, the ordinance favors certain non-commercial speech over other non-commercial speech. (Id. at 5-7.)

Plaintiffs may have a colorable constitutional argument, but we cannot say that the City ordinance is so "flagrantly and patently" unconstitutional as to avoid Younger abstention and invoke federal jurisdiction. First, the City ordinance is more complex and confusing than plaintiffs suggest. An understanding of its import requires detailed analysis and cross-reading among several provisions. For example, it is unclear from an initial reading of the ordinance whether billboards are absolutely prohibited or whether they may be authorized by permit. Second, the City ordinance is not "virtually identical" to the San Diego ordinance in Metromedia. Not only is its language different, but the City ordinance contains provisions relating to a permit system for signs, which is an important factor that distinguishes this case from Metromedia and indicates that the City ordinance may be susceptible to a constitutional reading. Metromedia simply does not provide a sufficient basis to conclude that the City ordinance rises to the heightened standard of flagrant and patent unconstitutionality required to preclude Younger abstention.

-11-

**D.    Bad Faith/Harassment**

Plaintiffs must meet a high threshold to establish bad faith
or harassment as an exception to the Younger doctrine.  To invoke
the bad faith exception, a plaintiff must allege specific facts
that support more than just a conclusory inference of bad faith.
See Collins v. County of Kendall, 807 F.2d 95, 98 (7th Cir. 1986).
"This specific evidence must show that state prosecution 'was
brought in bad faith for the purpose of retaliating for or
deterring the exercise of constitutionally protected rights.'" Id.
Plaintiffs cannot complain where the injury asserted "is solely
'that incidental to every criminal proceeding brought lawfully and
in good faith.'" Younger, 401 U.S. at 49.

Plaintiffs assert that defendants have initiated the state
court proceedings in bad faith.  In their briefs, plaintiffs
suggest that defendants engaged in a pattern of harassing conduct,
including (1) sending letters to plaintiffs demanding the removal
of billboards prior to the effective date of the ordinance's
amortization provision for nonconforming signs;[2] (2) failing to
abide by the notice requirements contained in the ordinance's
enforcement provisions; and (3) initiating premature prosecutions.
(Plaintiffs' Cross-Brief at 8-12.)  However, the only specific

---

2 Plaintiffs contend that an "amortization" provision of the City ordinance did
not take effect until October 19, 1999, seven years after the passage of the
ordinance.   That provision states: "Any sign that is nonconforming on the
effective date of this ordinance shall either be removed or made to comply with
said ordinance within the time limit of seven (7) years." Plaintiffs' Cross-
Brief, Ex. A, § 12.6-5(A).

-12-

allegation of bad faith contained in plaintiffs' complaint is that
the tickets issued to plaintiffs Vovola and Lamar Corp. (formerly,
the Chancellor Outdoor Group) on October 11 and 12, 1999, were
premature and _ultra_ _vires_.  (Complaint, ¶ 35.)  The complaint does
not allege that the tickets issued to each plaintiff on November
18, 1999, were premature or _ultra_ _vires_.  (Complaint, ¶¶ 37-39.)

Plaintiffs contend that the letters sent by the City
requesting that plaintiffs remove the billboards on their
properties were sent prior to the expiration of the ordinance's
amortization provision, but the letters appear merely to be the
City's attempt to follow the ordinance's notice provisions.  The
letters do not meet every requirement set forth by the ordinance
for "Corrective Action Orders," but these shortcomings do not
constitute evidence of harassment.  Moreover, if there is a
prematurity problem with the tickets issued in October 1999, as
plaintiffs suggest, the tickets issued to plaintiffs in November
1999 seem to constitute the City's effort to cure that problem.  In
any event, the conduct alleged by plaintiffs simply is not the sort
of harassment or vindictiveness that would require this court to
interfere with the state proceedings.  Courts that have invoked the
bad faith exception to _Younger_ abstention ordinary rely on evidence
of malicious conduct that is not evident here.  _See,_ _e.g.,_
_Dombrowski_ _v._ _Pfister_, 380 U.S. 479, 487-89 (1965) (bad faith
exception applied where state officials threatened to prosecute a
civil rights organization even after a state court had quashed

-13-

arrest warrants and suppressed evidence illegally seized from the organization's offices); <u>Contreras v. City of Chicago</u>, No. 94 C 4201, 1994 WL 700263 (N.D. Ill. Dec. 13, 1994) (Castillo, J.) (bad faith exception applied where plaintiffs alleged with sufficient particularity facts supporting claims that defendants were motivated by racial animus). At most, defendants' alleged activities reveal a somewhat confused attempt to enforce the ordinance, but plaintiffs have not presented sufficient specific evidence to support an inference of bad faith prosecution or harassment.

**E.    <u>Stay or Dismissal</u>**

Plaintiffs argue that if we abstain, we should stay their case, as opposed to dismissing it altogether. (Plaintiffs' Cross-Brief at 15.) The Supreme Court has stated that <u>Younger</u> abstention "contemplates the outright dismissal of the federal suit." <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577 (1973). However, if a plaintiff's claim for monetary relief cannot be redressed in the state proceeding, we have no discretion to dismiss rather than stay that claim. See <u>Deakins v. Monaghan</u>, 484 U.S. 193, 202 (1988); <u>Nelson v. Murphy</u>, 44 F.3d 497, 502 (7th Cir. 1995).

Although plaintiffs' complaint is titled "Complaint for Declaratory and Injunctive Relief," the prayer for relief requests a declaratory judgment that "plaintiffs are entitled to damages, attorneys' fees, and all other relief appropriately granted under Section 1983 of the Civil Rights Act." (Complaint, Prayer for

-14-

Relief at f.) Plaintiffs do not argue that their claim for monetary relief would be unavailable in the state proceeding. In the absence of any indication to the contrary, we have no reason to believe that plaintiffs would not have the opportunity to raise a counterclaim for such relief in the state proceeding. Therefore, dismissal of plaintiffs' complaint is appropriate.

### CONCLUSION

For the foregoing reasons, plaintiffs' complaint is dismissed on <u>Younger</u> abstention grounds, without prejudice to further state proceedings.


Date:          May 1, 2001


ENTER:

_____
John F. Grady, United States District Judge